# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIGUEL MORALES,** | : | |
| **OSCAR CARRILLO-PEREZ,** | : | |
| **SANTIAGO GARCIA-RAMIREZ, and** | : | |
| **JOSE LUIS MORALES** | : | **NO. 21-127** |

## FINDINGS SUR MOTION FOR COMPLEX CASE DESIGNATION AND SPEEDY TRIAL CONTINUANCE

**NOW**, this 17th day of June, 2021, upon consideration of the Agreed Motion for Complex Case Designation and Speedy Trial Continuance (Doc. No. 54), the Court makes the following findings:

1. This case is so unusual and complex due to the nature of the prosecution and the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

2. This case is unusual and complex for the following reasons:

   a. The indictment in this matter charges all four defendants with conspiracy to transport aliens unlawfully in the United States, for purposes of commercial advantage and private financial gain in connection with Morales Contractor. The indictment alleges that defendant Morales owned Morales Contractor, which was an employee leasing enterprise that employed hundreds of workers. As alleged in the indictment, Morales Contractor supplied workers to mushroom farms in Chester County, and Miguel Morales provided his several hundred workers with housing and

transportation to and from the farms. The indictment further alleges that defendants Carrillo-Perez, Garcia-Ramirez and Jose Morales, were employees of Morales Contractor and transported undocumented aliens between their residences and the farms where they worked for Morales Contractor. In addition, the facts in this case are intertwined with the events underlying the related case 2:21-cr-00126 pending before this Court, in which defendant Morales and Lawrence Urena are charged with a conspiracy to impede the IRS in the computation, assessment and collection of employment taxes.

      b.     Evidence and discovery in this case is voluminous, containing wiretapped telephone calls and text messages over a 60-day period of interception, results of email search warrants, the results of searches of devices including telephones and computers, a large volume of agent reports, audio and video of recorded undercover meetings conducted by confidential informants, surveillance photographs, GPS location information, a large volume of telephone records and toll data, and a substantial number of other documents obtained via grand jury subpoenas, all of which is in excess of 40 gigabytes of information.

      c.     Given the complexity of this case, motions raising significant evidentiary and legal issues may be filed.

3.     The ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

4.     The failure to grant a continuance will likely result in a miscarriage of justice.

5.     This continuance is not being granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain witnesses on the part of the Government's attorneys.

6. The defendants have no objection to the motion.

                                                  <u>/s/ Timothy J. Savage</u>
                                           TIMOTHY J. SAVAGE, J.